Filed 6/17/24  P. v. Mitchell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

<table>
<tr><td>THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GREGORY DEAN MITCHELL,<br><br>Defendant and Appellant.</td><td>2d Crim. No. B329199<br>(Super. Ct. No. SM105565)<br>(Santa Barbara County)</td></tr>
</table>

Gregory Dean Mitchell appeals from two postjudgment orders.  The first appeal is from the trial court's order denying appellant's motion to preserve evidence for purposes of a possible youth offender parole hearing.  (Pen. Code, §§ 1203.01, 3051; *In re Cook* (2019) 7 Cal.5th 439.)[1]  The second appeal is from the

---

[1] All further statutory references are to the Penal Code.

trial court's order denying appellant's petition for resentencing. (§ 1172.6.)  We affirm in part and dismiss in part.[2]

*Procedural Background*[3]

In 1999, a jury convicted appellant of murder (§ 187, subd. (a)), robbery (§ 211), burglary (§ 459), and assault with a firearm (§ 245, subd. (a)).  The jury also found true the special circumstance allegations that the murder was committed during a robbery and a burglary.  (§ 190.2, subd. (a)(17).)  Appellant was sentenced to life without the possibility of parole (LWOP).

In 2023, appellant filed a motion in propria persona requesting a hearing to preserve evidence for a possible youth offender parole hearing pursuant to section 3051.  The trial court denied the motion because appellant was 18 years old at the time of the controlling offense, was sentenced to LWOP, and was therefore statutorily ineligible for a youth offender parole hearing.  (§ 3051, subds. (b)(4), (h).)

---

[2] Appellant did not provide briefing as to the section 1172.6 appeal.  We notified appellant's counsel and invited additional briefing.  After further review of the record, counsel declined to submit additional briefing addressing the section 1172.6 appeal.  We thus deem the appeal abandoned and dismiss it.  (See *People v. Stanley* (1995) 10 Cal.4th 764, 793 [if a party fails to provide legal argument and citations to authority on a point, "'the court may treat it as waived, and pass it without consideration'"]; *In re Sade C.* (1996) 13 Cal.4th 952, 994 [court may deem appeal abandoned where appellant does not raise claims of reversible error or other defect or present argument and authority on each point made].)

[3] We need not provide a recitation of the facts underlying appellant's controlling offense because his appeal raises "purely legal issues."

*Discussion*

"California's youth offender parole statute offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age. [Citations.] . . . Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18. ([§ 3051,] subd. (h).)" (*People v. Hardin* (2024) 15 Cal.5th 834, 838-839 (*Hardin*).)

Appellant contends section 3051, subdivision (h) violates equal protection under the federal and state constitutions by denying a parole hearing to youthful offenders, like appellant, who have been sentenced to LWOP. He makes a number of arguments in support of this contention, including that relative culpability is not a rational basis for excluding some youthful offenders from entitlement to a parole hearing. Appellant relies on *People v. Hardin* (2022) 84 Cal.App.5th 273, review granted Jan. 11, 2023, S277487, which held that section 3051's distinction between youthful offenders with LWOP sentences and non-LWOP sentences violates equal protection.

While this appeal was pending, and after briefing was complete, the California Supreme Court decided *Hardin*, *supra*, 15 Cal.5th 834, holding section 3051's exclusion of youthful offenders sentenced to LWOP withstands rational basis scrutiny and does not violate constitutional guarantees of equal protection. (*Id.* at pp. 838-839, 866.) Accordingly, appellant's equal protection claim fails.

3

Appellant next contends section 3051, subdivision (h) violates federal and state constitutional bans against cruel and/or unusual punishment. He contends that a mandatory LWOP sentence for appellant and other young adults (1) is grossly disproportionate to the offense because it ignores the hallmark features of their youth and potential for rehabilitation, (2) fails to conform to evolving standards of decency, and (3) is statistically imposed more often on Black young adult offenders, like appellant.

For support, appellant cites *Miller v. Alabama* (2012) 567 U.S. 460 and several other judicial decisions. However, those cases address sentencing issues involving juvenile offenders under the age of 18 years. For example, *Miller* held that "mandatory life without parole for those under the age of 18 at the time of their crime[] violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" (*Id.*, at p. 465.) *Roper v. Simmons* (2005) 543 U.S. 551, barred capital punishment for juvenile offenders, and *Graham v. Florida* (2010) 560 U.S. 48, barred LWOP sentences for juvenile offenders in nonhomicide offenses.

The California Supreme Court has foreclosed similar arguments in the context of the death penalty. For example, the Court has held that adult offenders between the ages of 18 and 25 can constitutionally receive the death penalty. (See *People v. Gamache* (2010) 48 Cal.4th 347, 404-405; *People v. Tran* (2022) 13 Cal.5th 1169, 1234-1235; *People v. Flores* (2020) 9 Cal.5th 371, 429-430; *People v. Powell* (2018) 6 Cal.5th 136, 191-192.) It follows that "[i]f the Eighth Amendment does not prohibit a sentence of death for [18 year olds], then most assuredly, it does

4

not prohibit the lesser LWOP sentence." (*In re Williams* (2020) 57 Cal.App.5th 427, 439.)

Intermediate appellate courts have also rejected the claims appellant makes here. (See *People v. Acosta* (2021) 60 Cal.App.5th 769, 781-782; *People v. Windfield* (2021) 59 Cal.App.5th 496, 525-527; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1030-1032 [republished at 274 Cal.Rptr.3d 267].) As the court in *Montelongo* stated, "[u]nless and until the United States Supreme Court, the California Supreme Court, the Legislature, or the voters by initiative change the law, we are bound to apply it." (*Montelongo*, at p. 1032.)

We agree with these decisions and reject appellant's contentions to the contrary.

*Disposition*

The trial court's order denying appellant's motion for a youth offender parole hearing is affirmed. The appeal from the trial court's order denying appellant's petition for resentencing is dismissed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

5

Von N. Deroian, Judge
Superior Court County of Santa Barbara

_____

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Charles S. Lee, Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.